UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTURY SURETY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-152 (CEJ) |
| ) | |
| ROYSTON ENTERPRIZES, LLC, d/b/a ) | |
| Rebel Motors, and ERIC B. ROYSTON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendant Royston Enterprizes, LLC, to strike, pursuant to Fed.R.Civ.P. 12(f). Also before the court is the motion of plaintiff Century Surety Company to dismiss and to strike counterclaims, pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(f). All issues are fully briefed.

**I.    Background**

On September 6, 2011, defendant Eric Royston signed an application for garage liability insurance on behalf of Rebel Motors. [Doc. #1-2]. The application omitted coverage for uninsured and underinsured motorists. Id. at 4. Consistent with the application, plaintiff issued a policy that excluded uninsured motorist coverage. On October 28, 2011, Eric Royston was struck and dragged by an uninsured motorist while allegedly trying to repossess a vehicle. Eric Royston made a claim for coverage, which plaintiff denied.

Plaintiff alleges that, at the time the policy issued, "[t]he parties to the insurance contract were . . . operating under a mutual mistake that the Policy could

be issued without Uninsured Motorist Coverage." Complaint at ¶36. In Count I of its complaint, plaintiff asks the court to reform the garage liability policy to include its standard Missouri Uninsured Motorist Coverage Endorsement. In Counts II through V, it seeks declarations that Eric Royston is not an insured for the purposes of uninsured motorist coverage; that his claim does not arise from an "accident" as defined by the Missouri Uninsured Motorist Coverage Endorsement; that the limit of uninsured motorist coverage is $25,000; and that Eric Royston is not entitled to stack uninsured motorist limits. Defendant Eric Royston d/b/a Rebel Motors asserts counterclaims for vexations refusal and for reformation of the contract to include uninsured motorist coverage and permit stacking of claims.

## II. Discussion

### A. Cross-motions to Strike

The parties dispute whether Rebel Motors is properly named as the "doing business as" identity of Royston Enterprizes, LLC, or of Eric Royston. Defendants move to strike Royston Enterprises as a defendant in this action, arguing that it is not the named insured under the policy. Plaintiff moves to strike from the answer and counterclaims all references to Eric Royston d/b/a Rebel Motors.

Courts may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Judges enjoy liberal discretion to strike pleadings under Rule 12(f). BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). Striking a party's pleading, however, is an extreme and disfavored measure. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). "A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand." McLafferty v. Safeco Ins.

2

Co. of Indiana, No. 14-564 DSD/SER, 2014 WL 2009086, at *3 (D. Minn. May 16, 2014) (citation omitted). "Material is scandalous if it generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." Id. Matters that are not "strictly relevant" to the underlying claim need not be stricken if they provide "important context and background to [a plaintiff's] suit" or pertain to the object of the suit. Id. (citing Stanbury, 221 F.3d at 1063. "Matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation. . . If there is any doubt whether the matter may raise an issue, the motion should be denied." Id. (citation omitted).

Plaintiff asserts that, as the registered owner of the fictitious name Rebel Motors, Royston Enterprizes is the proper defendant, and that "Eric Royston d/b/a Rebel Motors" lacks standing to proceed. Defendants assert that the insurance policy was issued to "Eric Royston d/b/a Rebel Motors"[1] and that Royston Enterprizes is immaterial to the dispute. The court finds that there are questions of fact regarding the identity of the proper defendants and both motions to strike will be denied.

### B. Motion to Dismiss Counterclaims

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell

---

[1] The record contains conflicting evidence regarding the identity of the named insured on the policy. Compare Pl. Ex. A, Declarations Page dated Oct. 19, 2011 (showing named insured as Rebel Motors) and Defs. Ex. 1, Declarations Page dated Oct. 12, 2011 (showing named insured as Eric Royston DBA Rebel Motors).

3

Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Defendant Eric Royston d/b/a Rebel Motors seeks reformation of the policy, alleging that "Century Surety contends that uninsured motorists' coverage was excluded" and that "if Century is correct, then [the] Policy should be reformed to reflect Missouri law and afford uninsured motorists' coverage to Counterclaim Plaintiff." Counterclaim at ¶¶2-3. Plaintiff argues that these allegations fail to plead the existence of a preexisting agreement and mutual mistake. See United Postal Sav. Ass'n v. Norbob Enters., Inc., 792 S.W.2d 898, 901 (Mo. Ct. App. 1990) (reformation proper when instrument fails to reflect valid agreement based on fraud, mutual mistake, or other grounds justifying equitable relief). All parties seek reformation of the policy to include uninsured motorist coverage. The fact that they disagree about the form that reformation should take is not a basis for dismissing the counterclaim.

4

To state a claim for vexations refusal under § 375.420, Mo.Rev.Stat., Eric Royston d/b/a Rebel Motors must plead that (1) he had an insurance policy with plaintiff; (2) plaintiff refused to pay his claim; and (3) the refusal was without reasonable cause or excuse. <u>Dhyne v. State Farm Fire & Cas. Co.</u>, 188 S.W.3d 454, 457 (Mo. 2006). The counterclaim in this case contains all of the requisite allegations for stating a vexatious refusal claim. However, plaintiff argues that it cannot be liable for refusal to pay uninsured motorist coverage that was not included in the policy. This is not an argument attacking the sufficiency of the defendant's pleading, but is one that goes to the merits of the counterclaim. Further development of the facts is necessary for resolution of this claim. <u>See Earley v. Auto. Ins. Co. of Hartford, Conn.</u>, 144 S.W.2d 860, 863 (Mo. Ct. App. 1940) (rejecting insurer's argument that vexatious-refusal claim could not be brought where policy required reformation because "[t]he only effect of reforming the policy was to make it express the actual agreement of the parties.").

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Royston Enterprizes, LLC, to strike [Doc. #8] is **denied**.

**IT IS FURTHER ORDERED** that the motion of plaintiff Century Surety Company to dismiss and to strike [Doc. #13] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2015.