## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CENTURY SURETY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV152 RLW |
| | ) |
| ROYSTON ENTERPRIZES, LLC, d/b/a | ) |
| Rebel Motors, and ERIC B. ROYSTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Royston Enterprizes, LLC's Motion to

Strike pursuant to Fed. R. Civ. P. 12(f) (ECF No. 8). Also pending is Plaintiff Century Surety

Company's Motion to Dismiss the Counterclaim and to Strike (ECF No. 13). The motions are

fully briefed and ready for disposition.

## I. Background

On September 6, 2011, Defendant Eric Royston ("Royston") completed a Garage

Application for garage liability insurance on behalf of Rebel Motors. (Compl. Ex. B, ECF No.

1-2) The application omitted coverage for uninsured and underinsured motorists. (*Id.* at 4) On

October 16, 2011, Plaintiff Century Surety Company ("Century") issued a Garage Liability

insurance policy ("Policy") to Rebel Motors, Royston Enterprizes, LLC's ("Enterprizes")

registered fictitious name. (Compl. ¶¶ 9-10, ECF No. 1; Ex. A, ECF No. 1-1) Consistent with

the application, Plaintiff issued a policy that excluded uninsured motorist coverage. (Compl. ¶

27) On October 28, 2011, Eric Royston was struck and dragged by an uninsured motorist while

allegedly attempting to repossess a vehicle. (Compl. ¶¶ 14-17) Eric Royston made a claim for

Uninsured Motorist benefits under the Policy, which Plaintiff Century denied. (Compl. ¶¶ 19-21)

In its Complaint, Plaintiff alleges that, at the time it issued the Policy, the parties to the insurance contract were operating under a mutual mistake that the policy could be issued without uninsured motorist coverage. (Compl. ¶ 36) In Count I, Plaintiff asks the Court to reform the Garage Liability Policy to incorporate the Missouri Uninsured Motorist Coverage Endorsement in effect during the Policy period. (Compl. ¶¶ 37-47) In Counts II through V, Plaintiff Century seeks declarations that Eric Royston is not an insured for the purposes of uninsured motorist coverage; that his claim does not arise from an accident as defined by the Missouri Uninsured Motorist Coverage Endorsement; that the limit of uninsured motorist coverage is $25,000; and that Eric Royston is not entitled to stack uninsured motorist limits. (Compl. ¶¶ 49-76) Defendant Eric Royston filed a Counterclaim, asserting claims for vexatious refusal and for reformation of the contract to include uninsured motorist coverage and permit stacking of his uninsured motorist claims. (Counterclaim pp. 6-9, ECF No. 6)

Defendant Enterpizes filed a motion to strike pursuant to Fed. R. Civ. P. 12(f), requesting that the Court strike Enterprizes as a named Defendant because it is not a proper Defedant. In addition, Plaintiff Century filed a motion to dismiss the counterclaim and to strike references to Eric Royston d/b/a Rebel Motors from the Defendant's answer.

## II. Motions to Strike

The parties dispute whether Rebel Motors is properly named as the "doing business as" identity of Enterprizes or of Eric Royston. Defendants seek to strike Enterpizes as a Defendant, asserting that it is not the named insured under the Policy. Plaintiff, on the other hand, moves to strike from the answer and counterclaims all references to "Eric Royston d/b/a/ Rebel Motors."

2

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. V. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted). However, striking a pleading is an extreme and disfavored measure, such that motions to strike are infrequently granted. *Stanbury Law Firm v. I.R.S.*, 221 F3d 1059, 1063 (8th Cir. 2000). "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." *Simms v. Chase Student Loan Servicing, LLC*, No. 4:08CV01480 ERW, 2009 WL 943552, at *2 (E.D. Mo. Apr. 6, 2009) (internal quotations and citation omitted).

A matter is immaterial or impertinent when the matter is not relevant to the resolution of the pending issue. *Schmidt v. Hosley Int'l, Inc.*, No. 4:15-CV-614-CEJ, 2015 WL 4134338, at *2 (E.D. Mo. July 8, 2015) (citation omitted). "Matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation." *Haynes v. BIS Frucon Eng'g, Inc.*, No. 4:08-CV-701 CAS, 2008 WL 4561462, at *1 (E.D. Mo. Oct. 10, 2008). The information need not be strictly relevant to the cause of action and may be used to provide context and background to a plaintiff's suit or pertain to the object of the suit. *Stanbury*, 221 F3d at 1062; *see also McLafferty v. Safeco. Ins. Co. of Indiana*, No. 14-564 DSD/SER, 2014 WL 2009086, at *3 (D. Minn. May 16, 2014). Further, where doubt exists as to whether the matter may raise an issue, the court should deny the motion to strike. *Haynes*, 2008 WL 4561462, at *1.

Here, Plaintiff asserts that, as the registered owner of the fictitious name Rebel Motors, Enterprizes is the proper Defendant, and "Eric Royston d/b/a Rebel Motors" lacks standing to

3

proceed. Defendants, on the other hand, argue that the Policy was issued to "Eric Royston d/b/a Rebel Motors" and that Enterprizes is immaterial to the dispute. The Court finds, however, that this case is in the early stages, and questions of fact remain regarding the identity of the proper Defendants.[1] Neither party has met their burden to justify the use of this extreme measure, such that the Court will deny both motions to strike. *See IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, No. 110429 (DWF/FLN), 2014 WL 1757840, at *5 (D. Minn. Apr. 30, 2014) (declining, in the Court's discretion, the motion to strike portions of the amended complaint, where the issues would be more appropriately raised at a later stage of the litigation).

## II. Motion to Dismiss Counterclaims

Plaintiff has also filed a Motion to Dismiss Defendants' Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough

---

[1] For instance, the Common Policy Declarations dated October 19, 2011 indicates that the insured is "Rebel Motors." (Decl. p. 1, Pl.'s Ex. A, ECF No. 1-1) However, the Common Policy Declarations dated October 12, 2011 lists the insured as "Eric Royston DBA Rebel Motors." (Decl. p. 1, Defs.' Ex. 1, ECF No. 6-1) Finally, Plaintiff has alleged in the Complaint that "Rebel Motors" is the registered fictitious name for Royston Enterprizes, LLC. (Compl. ¶ 10, ECF No. 1; Registration of Fictitious Name, Pl.'s Ex. 1, ECF No. 11-1)

4

facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

In the Counterclaim, Eric Royston d/b/a Rebel Motors ("Royston") seeks reformation of the Policy to reflect Missouri law, provide uninsured motorist coverage under the Policy, and allow stacking of claims. (Counterclaim ¶¶ 2-4, ECF No. 6) "The party seeking reformation must prove by clear, cogent and convincing evidence that the instrument fails to reflect the underlying agreement between the parties due to fraud, mutual mistake or other grounds satisfying the requirements for equitable relief." *Hunter v. Moore*, __ S.W.3d __, 2015 WL 1735076, at \*4 (Mo. Ct. App. Apr. 14, 2015) "'For reformation on grounds of mistake, the primary factual issues to be established are the existence of a prior agreement and mutual mistake.'" *Id.* (quoting *Everhart v. Westmoreland*, 898 S.W.2d 634, 637 (Mo. Ct. App. 1995)). Here, Royston acknowledges Century's contention that uninsured motorist coverage was mistakenly excluded from the Policy. (Counterclaim ¶ 2, ECF No. 6) Both parties seek

5

reformation to include uninsured coverage, although the parties dispute whether Defendants can recover under a reformed policy. The Court finds that Royston has sufficiently stated a claim to survive Century's Motion to Dismiss the Reformation count.

With regard to Vexatious Refusal under Mo. Rev. Stat. § 375.420, a plaintiff must plead that (1) he had an insurance policy with the insurance company; (2) the company refused to pay; and (3) the company's refusal was without reasonable cause or excuse." *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006). Here, Royston has stated all the requisite elements for a vexatious refusal to pay claim under Missouri law sufficient to survive a motion to dismiss at the pleadings stage. *See Primary Residential Mortg., Inc. v. Guarantee Title Ins. Co.*, No. 4:05CV1115 CDP, 2005 WL 2874663, at *3 (E.D. Mo. Nov. 1, 2005) (finding plaintiff's pleading of lack of reasonableness to be sufficient to survive a motion to dismiss under Rule 12(b)(6)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant, Royston Enterprizes LLC's Motion to Strike (ECF No. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Century Surety Company's Motion to Dismiss the Counterclaim and to Strike (ECF No. 13) is **DENIED.**

Dated this __3rd__ day of August, 2015.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**